UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRENDA DARLING                                                    JURY TRIAL DEMANDED
    By RICHARD P. TERBRUSCH,
    Conservator of Estate
v.                                                                              CASE NO.  3:13 CV

ANDREW J. BUZZI, JR.
ROLLINGWOOD CONDOMINIUM ASSOCIATION NO. III, INC.

COMPLAINT

1. Plaintiff seeks relief pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and other applicable laws, including the Connecticut Creditor's Collection Practices Act, Conn. Gen. Stat. §36a-648 ("CCPA"), and the Connecticut Unfair Trade Practices Act, §42-110g (CUTPA).

2. The Court has jurisdiction. 15 U.S.C. § 1692k; 28 U.S.C. §1331, § 1367.

3. Plaintiff is a Connecticut resident, and owner of a condominium in defendant Rollingwood.

4. Defendant Buzzi regularly uses the means of interstate commerce to collect personal debts on behalf of defendant Rollingwood and other entities.

5. In June, 2013, Defendant Buzzi, acting on behalf of defendant Rollingwood, served a summons and complaint in two counts, seeking payment and foreclosure due to nonpayment of common condominium expenses from December 2012 through May, 2013.

6. On June 18, 2013, Buzzi was notified by letter from plaintiff's Conservator that he had cancelled checks for each of the months in question and plaintiff was actually two months ahead in payment.

7. Despite this notification, and without responding thereto, Buzzi and Rollingwood

filed the summons and complaint on July 3, 2013.

8. By communication dated July 8, 2013, defendants admitted that the allegations in the state court complaint were false, by admitting that their actual claim was for past due amounts largely based on late fees and interest.

9. Upon information and belief, Defendants had no contractual right to assess late fees.

10. Upon information and belief, Defendants assessed interest at a rate greater than that allowed by law.

11. Defendants' claim for late fees and interest was based on Rollingwood's forwarding timely payments to Buzzi's office, who then held the payments while fees and interest accrued.

12. Defendant Buzzi did not respond to plaintiff's timely written dispute as to all or a portion of the purported debt, still has not done so, and is apparently unable to verify the disputed debt. The lawsuit was filed despite 15 U.S.C. §1692g(b)

13. Upon information and belief, defendants brought the suit without complying with the mandatory pre-conditions set forth in Conn. Gen. Stat. § 47-258(m).

14. In the collection efforts within one year prior to the date of this action, defendants violated the FDCPA, § 1692e, –f(1), or –g and the parallel provisions of the CCPA.

WHEREFORE plaintiff respectfully requests this Court to:

1. Award plaintiff such damages as are permitted by law, including $1,000 statutory damages under the FDCPA, plus $1,000 statutory damages a the CCPA.

2. Award the plaintiff costs of suit and a reasonable attorney's fee.

2. Award such other and further relief as law or equity may provide

\

        THE PLAINTIFF

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net